UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

EDWARD DONALD BURLEY, # 502426, )
                                         )
                Plaintiff,          )      Case No. 1:12-cv-308
                                         )
v.                                         )      Honorable Paul L. Maloney
                                         )
MICHAEL MARTIN, et al.,          )      **REPORT AND RECOMMENDATION**
                                         )
              Defendants.       )
_____)

       This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. §1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA). Plaintiff alleges that the following actions violated his rights under the First Amendment and RLUIPA:

    (1). On December 30, 2010, Michigan Department of Corrections (MDOC) Special Activities Coordinator Michael Martin denied plaintiff's request for a kosher diet;

    (2). From November 2010 to April 2011, Mary Berghuis, Warden of the Earnest C. Brooks Correctional Facility (LRF), and LRF's Chaplain Craig Curtis "denied [plaintiff] Jewish Services[;]"

    (3). From April 2011 to December 2011, John Prelesnik, Warden of the Richard A. Handlon Correctional Facility (MTU), and MTU's Chaplain David Leslie "denied [plaintiff] Jewish Services[;]"

    (4). In March 2011, defendants Martin and Curtis denied plaintiff's request for "Meal Service During Passover;"

    (5). Chaplains Curtis and Leslie did not provide plaintiff a Torah; and

    (6). Chaplains Curtis and Leslie retaliated against plaintiff "by not taking actions to rectify his requests for services and a Torah[.]"

(Compl., docket # 1). Plaintiff seeks damages and declaratory and injunctive relief. (*Id.* at ID#s 9-10).

The matter is now before the court on motions for summary judgment filed by defendants Berghuis, Curtis, and Martin (docket # 13) and Prelesnik (docket # 25) based on the affirmative defense provided by 42 U.S.C. § 1997e(a). Plaintiff has filed his response to the motion filed by Berghuis, Curtis, and Martin. (docket #s 18, 23, 24). He has elected to ignore defendant Prelesnik's motion for summary judgment, which has been pending since August 2012. For the reasons set forth herein, I recommend that the motions for summary judgment by defendants Berghuis, Curtis, and Prelesnik be granted. I further recommend that the motion for summary judgment by defendant Martin be granted in part and denied in part. Martin's motion should be granted on all plaintiff's claims other than his First Amendment and RLUIPA claims against Martin based on Martin's decision to deny his request for a kosher diet. Plaintiff's claims against Martin based on his denial of plaintiff's request for a kosher diet should remain pending. All other claims in this matter should be dismissed without prejudice.[1]

**Applicable Standards**

A.  **Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of

---

[1] Defendant Leslie has never been served with process or otherwise appeared in this lawsuit. (docket # 29). I recommend that all plaintiff's claims against defendant Leslie be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure for failure to make service. *See Joyner v. MERS*, 451 F. App'x 505, 506 (6th Cir. 2011). This report and recommendation serves as plaintiff's notice of the impending dismissal of all his claims against defendant Leslie.

law. FED. R. CIV. P. 56(c); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 676 (6th Cir. 2011).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could

reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Although plaintiff elected not to file a response to defendant Prelesnik's motion for summary judgment, the court may not for that reason alone enter judgment against plaintiff. *See*

*Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991); *accord Cacevic v. City of Hazel Park*, 226 F.3d 483, 486 (6th Cir. 2000). Rather, the court is required to examine defendant Prelesnik's motion to ensure that he discharged his burden.

    **B.    Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies**

Defendants have asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; Booth, 532 U.S. at 734. "This requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendants to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed"

complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court. 548 U.S. at 90–93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir.2011); see 42 U.S.C. § 1997e(a). The procedural bar does not apply where the State declines to enforce its own procedural rules. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324–25 (6th Cir. 2010).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.[2] In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

Policy Directive 03.02.130 is not limited to the requirement that the individual being grieved be named in the Step I grievance. The following is an overview of the grievance process.

---

[2]A copy of the policy directive is found in the record. *See* docket # 14-2, ID# s 90-96.

Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his control. *Id.* at ¶ P. If the mandatory pre-grievance attempt at resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* The Policy Directive also provides the following directions for completing Step I grievance forms: "The issues should be stated briefly but concisely. Information provided is to be limited to the *facts* involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original). Thus, where an individual is not named in the Step I grievance, or his or her involvement in the issue being grieved is not indicated, or the individual is mentioned for the first time during an appeal of a denial of a grievance, the claims against that individual are not properly exhausted. *See Ketzner v. Williams*, No. 4:06–cv–73, 2008 WL 4534020, at * 16 (W.D. Mich. Sept.30, 2008) (collecting cases); *accord Sullivan v. Kasajaru*, 316 F. App'x at 470.

        The inmate submits the grievance to a designated grievance coordinator who makes an initial determination whether it should be rejected under MDOC policy or assigns it to a respondent. P.D. 03.02.130 at ¶¶ W, X. If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ BB. The respondent at Step II is designated by the policy. The Step II respondent is generally the warden or her designee. *Id.* at ¶ DD. If the inmate is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using

the same appeal form. *Id.* at ¶ FF. The Step III appeal form must be sent to the Grievance and Appeals Section within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. The Grievance and Appeals Section is the Step III respondent. *Id.* at ¶ GG. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ S. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved in writing." *Id.*

Ordinarily, a prisoner must pursue appeals of his grievance through Step III of the administrative process. The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure." *Napier*, 636 F.3d at 224. An argument that it would have been futile to file a grievance does not suffice. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

**Proposed Findings of Fact**

The following facts are beyond genuine issue. Plaintiff is currently an inmate held in the custody of the Michigan Department of Corrections (MDOC) on criminal convictions. On

November 1, 2010, plaintiff filed a declaration changing his stated religious preference to Judaism. (docket # 1-1, ID# 13; docket # 18-1, ID# 145).

### Earnest C. Brooks Correctional Facility (LRF)

Plaintiff filed and pursued the following grievances through Step III decisions as a prisoner at LRF:

(1). Grievance No. LRF 2011-01-0018-28a (complaining that the prison's store list did not indicate which items were kosher) (docket # 14-4, ID#s 106-07));

(2). Grievance No. LRF-2011-01-0015-20e (complaining that the list of items available from LRF's store list did not indicate which items were kosher and asking for a transfer to another prison that could "accommodate [his] 'kosher' diet.") (docket # 14-6, ID#s 124-25); and

(3). Grievance No. LRF-2010-10-1634-17i (complaining that Corrections Officer Lyons called him a thief ) (docket # 14-7, ID# 130).

Plaintiff's grievances were denied at Step I of the MDOC's grievance process and his Step II and III appeals were unsuccessful. (docket #s 14-4, ID#s 103-09; 14-6, ID#s 116-26; 14-7, ID#s 128-35).

### Richard A. Handlon Correctional Facility (MTU)

Plaintiff filed and pursed the following grievances through Step III decisions as a prisoner at MTU:

(1). Grievance No. MTU-11-07-0722-09b (complaining to Food Service Director M. Patrick, complaining that "several items" were missing from meals served a week earlier and had not been replaced with items of equal nutritional and caloric value) (docket # 26-4, ID# 234);

(2). Grievance No. MTU-11-09-0911-014d (complaining about the adequacy of MTU's law library) (docket # 26-2, ID# 219); and

(3). Grievance No. MTU-11-09-0916-12z (complaining of discrimination based on hearing loss in violation of the Americans with Disabilities Act) (docket # 26-3, ID# 225).

Plaintiff's grievances were denied at Step I of the Grievance process and his Step II and III appeals were unsuccessful. (docket #s 26-2, ID#s 216-20; 26-3, ID#s 222-29; 26-4, ID#s 231-35).

**Discussion**

Defendants have raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against him as required by 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Woodford*, 548 U.S. at 85. "[N]o unexhausted claim may be considered." *Jones v. Bock*, 549 U.S. at 220.

Plaintiff argues that on or about 2/16/11 he filed a "Step II Grievance Supplement" to Grievance No. LRF-2011-01-0015-20e. (Plf. Brief at 2, docket # 18) (citing Ex. 7, docket # 18-1, ID#s 151-52). The MDOC's policy directive does not authorize such "supplements." The warden refused to entertain the new issues that plaintiff attempted to interject at Step II of the grievance process. (docket # 18, ID# 153). The Grievance and Appeals Section upheld the warden's decision. (docket # 14-6, ID# 116). Plaintiff's "supplement" did not properly exhaust any of the claims at issue in this lawsuit.

Plaintiff argues that he filed a "grievance attachment" naming defendants Martin, Curtis, and Berghuis. (Plf. Brief at 2, docket # 18). Plaintiff's "attachment" is undated and does not mention any grievance by number. (docket # 18-1, ID# 147). Plaintiff's affidavit states that the "attachment" was attached to Grievance No. LRF-2011-01-0015-20e when it was filed. (Plf. Aff. ¶¶ 2, 3, docket # 24, ID# 202). Defendants rely on an affidavit from Richard D. Russell which states

that there is "no record" indicating that plaintiff's attachment accompanied his Step III appeal. (Russell Aff. ¶ 18, docket # 19-2, ID# 163). Paragraph 4 of plaintiff's affidavit states that the attachment was included in his Step III appeal. (Plf. Aff ¶ 4 at ID # 202). Plaintiff's statement must be accepted as true for present purposes. An examination of the attachment reveals plaintiff's complaint that Special Activities Coordinator Martin had no valid or justifiable reason for denying his request for a kosher diet. (docket # 18-1, ID# 147). Chaplain Curtis informed plaintiff of Martin's decision. (*Id.*). Defendant Berghuis is not mentioned. (*Id.*). The only claims Grievance No. LRF-2011-01-0015-20e, as supplemented by the attachment, could have exhausted are plaintiff's First Amendment and RLUIPA claims against Martin based on his 2010 decision to deny plaintiff's request for a kosher diet. All other claims remain unexhausted.

The only remaining question is whether the dismissal of plaintiff's claims should be with or without prejudice. Generally, the dismissal of claims for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a) is without prejudice. *See Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006). Defendants have not presented any developed argument why dismissal with prejudice would be appropriate.

It is virtually certain that any grievance plaintiff might now file against defendants would be rejected as untimely at Step I, and upheld on that basis at Steps II and III. A grievance so rejected would provide a basis for dismissing plaintiff's claims with prejudice because "proper exhaustion still requires compliance with the grievance policy's critical procedures such as timeliness." *Vandiver v. Correctional Med. Servs., Inc.*, 326 F. App'x 885, 889 (6th Cir. 2009) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) and *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) (stating that dismissal for failure to exhaust is without prejudice and does not

bar the reinstatement of the suit, unless it is too late to exhaust)); *see Siggers v. Campbell*, 652 F.3d at 692. However, the Sixth Circuit's decision in *Reed-Bey v. Pramstalller* suggests that the court should not anticipate future events, but should instead wait and see whether the State actually enforces its procedural rules. 603 F.3d at 325-26.

**Recommended Disposition**

For the foregoing reasons, I recommend that all plaintiff's claims against defendant Leslie be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure. This report and recommendation serves as plaintiff's notice of impending dismissal. I further recommend that the motions for summary judgment by defendants Berghuis, Curtis, and Prelesnik (docket #s 13, 25) be granted. I further recommend that the motion for summary judgment by defendant Martin (docket # 13) be granted in part and denied in part. Martin's motion should be granted on all plaintiff's claims other than his First Amendment and RLUIPA claims against Martin based on Martin's decision on December 30, 2010, to deny plaintiff's request for a kosher diet. Plaintiff's claims against Martin based on the denial of his request for a kosher diet should remain pending. All other claims should be dismissed without prejudice.

Dated:  February 11, 2013         /s/  Joseph G. Scoville
                                  United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas*

*v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).