UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EDWARD DONALD BURLEY #502426, ) | |
|     Plaintiff, ) | |
| ) | |
| -v- ) | |
| ) | No. 1:12-cv-308 |
| MICHAEL MARTIN, ) | |
| MARY BERGHUIS, ) | HONORABLE PAUL L. MALONEY |
| CRAIG CURTIS, ) | |
| JOHN PRELESNIK, and ) | |
| DAVID LESLIE, ) | |
|     Defendants. ) | |
| _____) | |

## OPINION AND ORDER MODIFYING REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S CLAIMS

In this suit, Plaintiff Edward Burley, a state prisoner, brings a number of claims against various defendants for alleged violations of his constitutional and statutory rights. Two sets of defendants have moved for summary judgment on the ground that Mr. Burley did not properly exhaust his administrative remedies before filing suit. (ECF Nos. 13, 25.) Before this court is a Report and Recommendation ("R&R") issued by Magistrate Judge Scoville. (ECF No. 34.) Judge Scoville recommends dismissing all claims against defendants Berghuis, Curtis, and Prelesnik, and dismissing all claims against defendant Martin except for those regarding his denial of Mr. Burley's request for a kosher diet. Judge Scoville also recommends dismissal of all claims against defendant Leslie for failure to serve.

Both Mr. Burley and Mr. Martin have filed timely objections to the R&R. (ECF Nos. 36, 41.) For the reasons discussed below, the court will sustain Mr. Martin's objection, overrule Mr. Burley's objections, and adopt the Report and Recommendation as modified, dismissing each of Mr. Burley's claims against the named defendants.

**I.     STANDARD OF REVIEW**

Parties have 14 days to file written objections to the proposed findings and recommendations in a magistrate judge's report and recommendation ("R&R"). 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed, and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only specific objections are entitled to *de novo* review under the statute, *see Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam), and the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to object to an issue waives that issue, along with the party's right to appeal that issue. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).

**II.    DISCUSSION**

    **A.     Defendant Leslie**

Under Rule 4(m), if a defendant is not served within 120 days of filing, the court must either dismiss the action or order that service be made within a specified time. Fed. R. Civ. P. 4(m). If the plaintiff shows "good cause" for the failure to serve, however, the court "must extend the time for service for an appropriate period." *Id.*

Mr. Burley filed his complaint on March 29, 2012, and on April 30, 2012, the court ordered defendants to be served. The U.S. Marshals Service was able to serve all defendants except David Leslie, who appears to have moved to a different workplace. The Marshals' request for waiver of service at Mr. Leslie's last known workplace, the R.A. Handlon Correctional Facility, was never returned, and the Marshals were "[u]nable to locate alternate address without further identifiers

(DOB, SSN, middle name)." (ECF No. 29.)

On this basis, the magistrate judge recommended that Defendant Leslie be dismissed from this case under Rule 4(m). Mr. Burley objects to the magistrate judge's recommendation. He argues that he did everything required to secure service on Mr. Leslie, and the failure to serve is not his fault but that of the U.S. Marshals Service.

The Sixth Circuit has held that in at least some situations, the Marshals Service's failure to serve a defendant can constitute "good cause" for failure to serve under Rule 4(m). *See Byrd v. Stone*, 94 F.3d 217, 220 (6th Cir. 1996). But *Byrd* does not remove all responsibility from the plaintiff. The court emphasized Mr. Byrd's attempts to ensure that the Marshals Service followed through with the court-ordered service, noting that when he asked, the Marshals "assured him that 'the matter was being taken care of,'" despite the fact that no summons ever issued. *Id.* at 218. "Under the circumstances present here," the court held, the failure to serve defendants constituted good cause. *Id.* at 220.

This case is different, however. After providing five copies of his complaint, as the court ordered, Mr. Burley never followed up with the Marshals to ensure that Mr. Leslie was being served. Even after the Marshals filed their report with the court describing their failed efforts to serve Leslie, Mr. Burley took no action. He did not try to give the Marshals more information about Mr. Leslie. He did not petition the court for alternate service or other assistance. This inaction is not enough to gain the benefit of *Byrd*'s ruling. To show "good cause" for failure to serve, a *pro se*, *in forma pauperis* plaintiff must take at least some steps to ensure that the U.S. Marshals Service is following through on its duty. *See, e.g.*, *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990) (finding good cause where pro se, in forma pauperis plaintiff "provided the necessary information [to the

3

Marshals] to help effectuate service"); *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) ("While Rochon and other incarcerated plaintiffs proceeding in forma pauperis may rely on service by the U.S. Marshals, a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge."); *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 311 (2d Cir. 1986) (finding good cause where plaintiff "indicated to the court his reliance on service by the Marshals and he timely requested that the Marshals effect personal service"). Mr. Burley did not take any such action. The court will therefore overrule Mr. Burley's objections, adopt the magistrate judge's recommendation, and dismiss the complaint as to Defendant Leslie without prejudice.

**B.     Defendants Berghuis, Curtis, and Prelesnik**

Next, the R&R found that Burley failed to exhaust his claims against Defendants Berghuis, Curtis, and Prelesnik. Burley objects to this finding.

The court's record contains six grievances filed by Mr. Burley, but only two are relevant to this case. These two grievances are very similar. The first, Grievance No. LRF-2011-01-0015-20e (ECF No. 14-6), complains that the list of items available from the prison's store list does not indicate which items were kosher and asks for a transfer to a prison that can accommodate his kosher diet. Mr. Burley states that he petitioned the chaplain for resolution, but in vain. The second grievance, No. LRF 2011-01-0018-28a (ECF No. 14-4), also complains about the prison's store lists. The only information in this grievance that was not in the second one is Mr. Burley's statement that he "took the Jewish test initiated by the Chapl[a]in" before filing the grievance (*Id.*) In addition, Mr. Burley presents a "grievance attachment" that he claims he presented with the first grievance.

4

This attachment states, in relevant part:

> On 1-04-11, I received a Memorandum from Chapl[a]in Curtis, dated 12-30-10, stating that . . . Michael Martin had denied my request for a Kosher Diet . . . . Mr. Martin has <u>Absolutely</u> <u>No</u> <u>Valid</u> or <u>Justifiable</u> reason for denying me my Constitutional Right to Practice my Religious Beliefs and adhere to the <u>Mandatory Laws</u> within my Religion. My first Amendment Constitutional Rights and Bill of Rights are being violated by this institution and Michael Martin.

(ECF No. 18-1, at 3 (emphasis in original).)

MDOC's grievance policy "explicitly require[s]" a prisoner "to name each person against whom he grieve[s]." *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009); *see* Policy Directive No. 03.02.130 (ECF No. 14-2). If a prisoner fails to do so, his claims are not properly exhausted. *See Sullivan*, 316 F. App'x at 470; *Woodford v. Ngo*, 548 U.S. 81, 91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules."). Neither of Mr. Burley's grievances (or their attachments) name Defendants Berghuis or Prelesnik. Only the supplemental "grievance attachment" names Defendant Curtis, and the text makes clear that Mr. Burley's complaint is with Defendant Martin only. Curtis's name comes up only as an explanation for how Burley learned that his request for kosher meals had been denied. Nowhere does this attachment suggest that Burley has any grievance against Curtis.

In his objection, Mr. Burley argues that this reference is sufficient to exhaust his claims against Curtis. But he provides no authority holding that the mere use of one's name is sufficient to exhaust claims against the named person. This court declines to so hold. Mr. Burley expressly stated only that "this institution and Michael Martin" were violating his constitutional rights. He did not include Mr. Curtis in this claim, though as the rest of this document shows, he was well aware of Curtis's role in these events. This is not sufficient to exhaust his claims against Curtis.

5

The court therefore overrules Mr. Burley's objections and adopts the R&R on this point.

C. **Defendant Martin**

Based on the "grievance attachment" discussed above, the magistrate judge found that Mr. Burley had exhausted his claims against Defendant Martin. Martin objects to that finding, arguing that this "grievance attachment" was in fact included only with Burley's Step-III appeal, not his initial grievance as the law requires. In support, he points out the date stated in the attachment's first line: "On 1-04-11, I received a Memorandum . . . ." (ECF No. 18-1.) This, Martin argues, is inconsistent with Mr. Burley's grievance, which was filed on January 3, 2011, one day before he claims to have heard that Martin rejected his change of religion request, and which lists an "incident date" of even earlier, December 19. (ECF No. 14-6.)

Other evidence supports this argument. This "grievance attachment" was not submitted to this court as part of the LRF-2011-01-0015-20e grievance, but as a loose document included with Mr. Burley's summary-judgment response. The attachment is undated, but it is signed by Burley and sent with a carbon copy to "File, Attorney Daniel Manville, American Civil Liberties Union, Obudsman [sic]." (ECF No. 18-1.) The grievance, however, includes a separate attachment, with its own signature line and a carbon copy only to "File, American Civil Liberty Union." (ECF No. 14-6.) Nothing in this grievance suggests that it originally included a second attachment, let alone one copied to different recipients and separately signed.

While the court must read the facts in Mr. Burley's favor, it need not strain the evidence past the point of reason. So while Mr. Burley argues—in his brief, rather than an affidavit—that the attachment's date was "an apparent typographical error," the court does not have to take his word for it. Nothing in the evidence supports Mr. Burley's claim that this attachment was in fact included

in his original grievance.  To so find, a jury would have to believe that Mr. Burley accidentally misstated the date in the attachment; that he for some reason decided to include with this grievance two separate attachments, differently formatted and stating different facts; that he decided to send copies of these two attachments to different persons; and that for no apparent reason, he listed an incident date of two weeks before the complained-of decision was made.  Further, the jury would have to believe these things based only on Mr. Burley's statement that he made "an apparent typographical error."  No reasonable jury could do so.

The court therefore finds that the "grievance attachment" at ECF No. 18-1 was not included with Mr. Burley's initial grievance.  It therefore should not be considered in determining whether Mr. Burley has exhausted his claims against Defendant Martin.  *See Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009).  For the reasons discussed above, the rest of Mr. Burley's grievance documents do not adequately name Martin, and so the court must find that he did not properly exhaust these claims.  The court will therefore sustain Martin's objection and dismiss Mr. Burley's claims against him.

**ORDER**

For the reasons discussed above, **IT IS HEREBY ORDERED** that the report and recommendation (ECF No. 34) is **MODIFIED**, per the discussion in Part II.C. of this opinion, to dismiss Plaintiff Edward Donald Burley's claims against Defendant Michael Martin. Otherwise, the report and recommendation is **ADOPTED** as the opinion of this court. Defendants' motions for summary judgment (ECF Nos. 13, 25) are **GRANTED**, and Plaintiff Burley's claims against each of the named defendants are hereby **DISMISSED WITHOUT PREJUDICE**.

Because this order dismisses all remaining claims against the named defendants, the court hereby **DENIES** Plaintiff's Renewed Motion for Access to Case Authorities (ECF No. 40) and Motion to Appoint Counsel (ECF No. 42) as moot. Judgment will issue consistent with this order.

**IT IS SO ORDERED.**

Date:  April 9, 2013             /s/ Paul L. Maloney
                                 Paul L. Maloney
                                 Chief United States District Judge